IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

LUIS HERNANDEZ MORENA,

    Petitioner,

v.

WILLIAM DANFORTH,

    Respondent.

CIVIL ACTION NO.: 5:24-cv-69

**O R D E R**

Petitioner Luis Morena ("Morena"), who is currently housed at the Coffee Correctional Facility in Nicholls, Georgia, filed a Petition for Writ of Habeas Corpus based on 28 U.S.C. § 2254. Doc. 1. In his Petition, Morena attacks his convictions obtained in DeKalb County, Georgia. Id. at 1.

It is prudent to address the venue of this action. All applications for writs of habeas corpus filed by persons in state custody, including those filed under 28 U.S.C. § 2254, are governed by 28 U.S.C. § 2241. Medberry v. Crosby, 351 F.2d 1049, 1062 (11th Cir. 2003). For a person who is "in custody under the judgment and sentence of a State court," § 2241(d) specifies the "respective jurisdictions" where a § 2254 petition may be heard. Under § 2241(d), a person in custody under the judgment of a state court may file his § 2254 petition in the federal district (1) "within which the State court was held which convicted and sentenced him"; or (2) "wherein [he] is in custody." 28 U.S.C. § 2241(d); see also Eagle v. Linahan, 279 F.3d 926, 933 n.9 (11th Cir. 2001). Therefore, the Court may, "in the exercise of its discretion and in furtherance of justice," transfer an application for writ of habeas corpus to "the district court for the district within which the State court was held which convicted" the petitioner. 28 U.S.C. § 2241(d).

In enacting § 2241(d), "Congress explicitly recognized the substantial advantages of having these cases resolved in the court which originally imposed the confinement or in the court located nearest the site of the underlying controversy."  Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 497 (1973); see also 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.").  To that end, the federal courts of this State maintain a "longstanding practice" of transferring habeas petitions "to the district of conviction."  Isaac v. Brown, No. CV 4:10-071, 2010 WL 2636045, at *1 (S.D. Ga. May 24, 2010), report and recommendation adopted, 2010 WL 2636059 (S.D. Ga. June 29, 2010) (citing Eagle v. Linahan, 279 F.3d 926, 933 n.9 (11th Cir. 2001)); see also Order, Hewitt v. Allen, No. 3:14-cv-27 (M.D. Ga. Mar. 26, 2014), ECF No. 4 ("Adherence to this policy results in each district court considering habeas actions arising within the district and in an equitable distribution of habeas cases among the districts of this state.").

The place of the convictions Morena challenges is DeKalb County, Georgia, which is located in the Atlanta Division of the Northern District of Georgia.  28 U.S.C. § 90(a)(2).  Consequently, the Court **ORDERS** this action be transferred to the United States District Court for the Northern District of Georgia, Atlanta Division.  The Court **DIRECTS** the Clerk of Court to **TRANSFER** this case to the United States District Court for the Northern District of Georgia, Atlanta Division.

**SO ORDERED**, this 19th day of September, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA